**Yongdong HUANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–72730.
Agency No. A76–728–203.

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2005.*

Decided Oct. 14, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles J. Kinnunen, Esq., Hagatna, GU, for Petitioner.

Before SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

### MEMORANDUM **

Yongdong Huang, a citizen and native of China, petitions for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the denial of his asylum petition by an Immigration Judge ("IJ"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). There was substantial evidence to support the IJ's conclusion that Huang was not credible, and we deny the petition for review.

Because the BIA affirmed without opinion, we look through the BIA's decision to examine the IJ's adverse credibility determination. *See Shire v. Ashcroft,* 388 F.3d 1288, 1294 (9th Cir.2004). A conclusion that an asylum applicant is not credible must be supported by substantial evidence and the IJ must provide specific, cogent reasons for disbelieving the applicant. *See id.* at 1295. We defer to the IJ's decision, reversing "only if the evidence presented was so compelling that no reasonable factfinder could find that the petitioner was not credible." *Id.*

The IJ gave specific and cogent reasons why Huang was not credible. Huang's testimony about his whereabouts after his release from custody in 1989 was inconsistent with his written statement. He admitted on cross-examination that he returned to and worked in his hometown for a year, which was inconsistent with his earlier testimony that he did not dare to return to his hometown because the authorities were looking for him. Huang also obtained a passport in his own name, returned to China and his home town for nineteen days in 1995 without incident, even obtaining another passport in his name before he returned. His general statement that he was pursued by the authorities was contradicted not only by his testimony but also by the country reports, which described a mild reaction by authorities in the region to anti-government protests in 1989. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1143 (9th Cir.2005) (country reports may serve as supplemental evidence to discredit generalized statement by asylum applicant). Further, there was no documentary evidence at all to support his testimony. *See Unuakhaulu v. Ashcroft,* 398 F.3d 1085, 1091 (9th Cir.2005) (unexplained lack of documentary evidence to corroborate applicant's testimony is relevant where the IJ has reasons to doubt credibility).

The evidence does not compel us to disagree with the IJ's conclusion that Huang was not credible and his denial of Huang's request for asylum and withholding of deportation.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Huang's motion for stay of removal included a timely request for stay of voluntary departure. This stay will expire upon the issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.